# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
      **Plaintiff,**

    v.                            **Case No. 06-CR-336**

**SEAN KRUSCHKE**
      **Defendant.**

## DECISION AND ORDER

Defendant Sean Kruschke, charged with conspiracy to distribute cocaine, moved to suppress statements he made to law enforcement after his arrest based on a Miranda violation. The magistrate judge handling pre-trial proceedings in the case held a hearing, at which two officers testified that defendant was provided with Miranda warnings prior to the interrogation; defendant testified that the officers questioned him first. The magistrate judge, finding the officers more credible, recommended that the motion be denied.

Defendant objects to the recommendation, requiring me to review the matter de novo. Fed. R. Crim. P. 59(b)(3). Defendant requests that I hold a de novo hearing, but under the circumstances I find that unnecessary. See United States v. Raddatz, 447 U.S. 667, 680-81 (1980) (explaining that the district court may, but is not required to hold a de novo hearing, even when credibility is at issue). I agree with the magistrate judge that the officers read defendant his rights before he made his statement, and that both his waiver and his statement were voluntary. Accordingly, I adopt the recommendation and deny the motion.[1]

---

[1]In his objections, defendant states that he disagrees with the magistrate judge's recitation of the testimony, but he fails to specify in what respect. He also states that he would, at a de novo hearing, supplement the record with pertinent facts as to when he was provided

In order to safeguard the Fifth Amendment right against self-incrimination, a suspect must be advised of certain rights prior to being subjected to custodial interrogation. See, e.g., United States v. Scheets, 188 F.3d 829, 840 (7th Cir. 1999) (citing Miranda v. Arizona, 384 U.S. 436, 444 (1966)). Statements taken in violation of this requirement may be suppressed from use in the government's case-in-chief. Further, the Supreme Court has disapproved of a technique whereby officers designedly question a suspect first, elicit a confession, then administer warnings and attempt to have the suspect repeat his confession. See Missouri v. Seibert, 542 U.S. 600, 609-10 (2004) (plurality opinion); id. at 622 (Kennedy, J., concurring).

In the present case, the parties agree that defendant was in custody and subjected to interrogation. The question is whether the officers properly administered Miranda warnings prior to questioning defendant.

On December 6, 2006, Waukesha County Sheriff's Department Detective Robert Brenner and DEA Special Agent Randy Furmack arrested defendant and took him to the Sheriff's Department. The officers then interviewed defendant in a large conference room used for deputies' roll call. The officers removed defendant's handcuffs, and Brenner completed the biographical information on a Waukesha County Metro Drug Unit form. (Govt.'s Ex. A.) Brenner then read defendant his constitutional rights using the form. Defendant indicated that he understood each right, Brenner recorded his responses, and defendant signed the form. (Id.) Brenner did not ask defendant whether he wanted to make a statement – the eighth and

---

warnings. Again, he does not specify those facts or indicate that additional witnesses or documentary or physical evidence would be submitted. Therefore, given the magistrate judge's thorough recommendation, I see no need for a de novo hearing. See United States v. O'Neill, 27 F. Supp. 2d 1121, 1126 (E.D. Wis. 1998) (noting that a defendant must make particularized objections to a magistrate judge's recommendation).

final question on the form – consistent with his practice at the time.  However, defendant indicated a willingness to waive his rights by proceeding to answer questions about his involvement in the alleged drug conspiracy.  See United States v. Jackson, 300 F.3d 740, 748 (7th Cir. 2002) ("A waiver need not be express, but may be inferred from the defendant's understanding of his rights coupled with a course of conduct reflecting his desire to give up his right to remain silent and have the counsel of an attorney.") (internal quote marks omitted); United States v. Mills, 122 F.3d 346, 351 (7th Cir. 1997) (stating that a defendant's waiver of his right to silence may be implied rather than express).  Brenner testified that they engaged in a relaxed, open dialog, no threats were made or weapons drawn, and defendant was allowed to use the bathroom and make phone calls.  Defendant at no point asserted any of his constitutional rights.

Agent Furmack, who was also present for the interrogation, verified that Brenner read defendant his rights from the form and that defendant was never threatened or promised anything.  Furmack also confirmed that defendant was calm and relaxed during the interview, spoke without hesitation, and never invoked his constitutional rights.  The entire interview lasted only about one hour.

Defendant testified that he made statements about the case first, and that Brenner read him his rights from exhibit A during the last twenty minutes of the interview.  However, as the magistrate judge noted, defendant's testimony was unconvincing and contradictory.  At one point, defendant testified that Brenner asked, "Do you want to be on the front of the train or the back of the train?"  He testified that Brenner made this statement "in the beginning" "right before" he was read his rights, which supports the officers' version.  Defendant also stated that he signed exhibit A before he was allowed to make phone calls, and initially testified that he

3

made his calls in the beginning of the interview, but later claimed that he made his calls at the end of the session. Defendant also provided contrary answers to whether he wanted to make a statement after being advised of his rights. Finally, defendant admitted that he had been advised of his rights numerous times in the past, and that his statement in this case was voluntary. On the contrary, Brenner and Furmack testified consistently and clearly, corroborating one another in all material respects. Therefore, I find that Brenner properly administered warnings before interrogating defendant.

There is no indication in the record, nor does defendant appear to claim, that his waiver or his statement were other than voluntary. Defendant was not new to police interrogation or otherwise particularly susceptible to pressure or coercion, the interview took place in a large, open conference room and lasted barely an hour, the police treated him well, and by all accounts he spoke freely. See Jackson, 300 F.3d at 748 ("Courts typically look at such factors as defendant's background and conduct, the duration and conditions of detention, the mental and physical condition of the defendant, the attitude of the police, and whether the police utilized psychological or physical coercion."). Under all the circumstances, then, his motion must be denied.

**THEREFORE, IT IS ORDERED** that the magistrate judge's recommendation is **ADOPTED**, and defendant's motion to suppress (R. 277) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 7th day of February, 2008.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge

4